UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  08-20266-cr- ALTONAGA

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO

    Defendant.
_____

**GOVERNMENT'S RESPONSE TO**

**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant(s).

            2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

            3.    No defendant testified before the Grand Jury.

            4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

            5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99

        Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. Please call the undersigned with 48 hours notice if you intend to review the evidence.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

|     |     |
| --- | --- |
|     | More specifically, the United States intends to introduce evidence that: 1) the defendant provided his vessel, FL2102GE, and helped launch the vessel for a smuggling event in June 2007 whereby eight (8) Chinese nationals were smuggled into the United States; 2) the defendant and his vessel was used to smuggle into the United States thirteen (13) Chinese nationals in July 2007 and that the thirteen (13) Chinese nationals were seen at the defendant's residence. |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No contraband is involved in this indictment. |
| L.  | If you wish to inspect the vessel used in the commission of the offense charged, please contact the undersigned.<br><br>Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.<br><br>Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.<br><br>If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |

  P.  At the discovery conference discussed in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time:
    Date: SEE INDICTMENT
    Place:

  The attachments to this response are numbered pages <u>1</u> - <u>302</u>. Please contact the undersigned Assistant United States Attorney if any pages are missing.

        Respectfully submitted,
        R. ALEXANDER ACOSTA
        UNITED STATES ATTORNEY


      By: <u>s/ Russ Brown</u>
        Russ Brown
        Special Assistant United States Attorney
        Court ID No. A5501216
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9279
        Fax: (305) 536-4699
        Russell.brown2@usdoj.gov

cc: Special Agent Martinez,
   Immigration and Customs Enforcement Agency

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 13th day of June, 2008, June 13, 2008 to: Martin Beguiristain, 12930 SW 128th St., Suite 103, Miami, Florida 33186.

                                                      s/ Russ Brown
                                                 Special Assistant United States Attorney