UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA/BROWN

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

    Defendant

_____/

**MOTION IN LIMINE TO EXCLUDE A-FILE AND THE
INFORMATION CONTAINED THEREIN AS HEARSAY**

ABIMEL CARABALLO, by and through undersigned counsel, respectfully files this motion in limine to exclude A-File and the information contained therein as hearsay and in support thereof states as follows:

A-Files are files purported to be filled out by INS agents during interviews with alleged aliens. The information the agents received is generally verbal in nature and then documented on the forms. This information is clearly hearsay under Rule 801. Unless there is some exception, Rule 802 applies and the information is excluded. Moreover the public records hearsay exception under Rule 803(8) is inapplicable.

Undersigned counsel has reason to believe that the government intends to introduce into evidence through testimony of INS agents, the statements of the alleged aliens and/or use the A-Files in some manner. There is no proper authority to introduce the forms and/or the statements in this matter.

Furthermore, the testimony of the INS agents, the statements of the alleged aliens and/or use of the A-Files are testimonial in nature. The Confrontation Clause is violated

if a testimonial statement is introduced at trial and the defendant did not have an opportunity to cross-examine the declarant. If a statement is testimonial and the defendant did not have a prior opportunity for cross-examination, the declarant must testify at trial for the Confrontation Clause to be satisfied.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION IN LIMINE TO EXCLUDE STATEMENTS AND A-FILES

The Confrontation Clause of the Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right …to be confronted with witnesses against him." U.S. Const. amend. VI.

In *Crawford v. Washington*, the United States Supreme Court held that under the Confrontation Clause, "the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *See Crawford v. Washington*, 541 U.S. 36, 53-54 124 S.Ct. 1354 (2004).

Following *Crawford v. Washington*, the Eleventh Circuit designated this as a bright-line rule: "if a statement is testimonial and the defendant did not have a prior opportunity for cross-examination, the declarant must testify at trial for the Confrontation Clause to be satisfied." *See U.S. v. Abdelazz*, 144 Fed.Appx. 821, 826 (11th Cir. 2005) (unpublished opinion) (emphasis added). "Put differently, the Confrontation Clause is violated if a testimonial statement is introduced at trial and the defendant did not have an opportunity to cross-examine the declarant." *Id*. (finding that if confidential informant's out-of-court statement during debriefing session, in which informant identified defendant as person that had purchased food stamps from him, was testimonial in nature, then

admission of evidence of this out-of-court statement when informant was not available for cross-examination would violate defendant's Confrontation Clause rights).

## A. Testimonial Statements

The Eleventh Circuit addressed the meaning of "testimonial" in *United States v. Baker*, stating that "[w]hile the Supreme Court has not clarified which statements are in fact 'testimonial' it has provided some guidance on the term's meaning." *See United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005). The United States Supreme Court defined "testimony" as typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *United States v. Baker*, 432 F.3d at 1203 (quoting *Crawford*, 541 U.S. 51, 124 S.Ct. 1354 (quoting 1 N. Webster, An American Dictionary of the English Language (1828)).

Thus, "formal statement[s] to government officers" are generally testimonial. *United States v. Baker, supra* (quoting *Crawford,* 541 U.S. at 51, 124 S.Ct. 1354). "So is ' *ex parte* in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially.' " *Id*., (quoting *Crawford, supra*). Similarly,

> extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, and statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial, fall within the "core class" of testimony.

*United States v. Baker*, *supra* (quoting *Crawford*, at 51-52, 124 S.Ct. 1354).

Therefore, any evidence given through testimony of the INS agents, the statements of the alleged aliens and/or the use the A-Files are testimonial under *Crawford* and therefore inadmissible in the absence of testimony by the declarants.

Furthermore, this evidence does not fall under the hearsay exception outlined in Federal Rule of Evidence 803, which states:

Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8) (emphasis added). Here, the information taken from the alleged aliens was not simply collected for informational purposes; the information was collected for future criminal prosecution. Any statements or information elicited from the alleged aliens would lead an objective witness to reasonably believe that these statements would be available for use at a later trial, and therefore fall within the "core class" of testimony as described in *United States v. Baker, supra*.

**B. The Confrontation Clause Requires Cross-Examination**

More recently, the United States Supreme Court reiterated the principles outlined in *Crawford v. Washington*, stating that the Confrontation Clause "commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *See United States v. Gonzalez-Lopez*, 548 U.S. ----, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), (citing *Crawford v. Washington*, at 61, 124 S.Ct. 1354, and rejecting *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)).

Moreover, the Eleventh Circuit has stated that the "Confrontation Clause is violated if a testimonial statement is introduced at trial and the defendant did not have an opportunity to cross-examine the declarant." *United States v. Baker, supra*. In fact, the court has designated that as a bright-line rule, "if a statement is testimonial and the defendant did not have a prior opportunity for cross-examination, <u>the declarant must testify at trial for the Confrontation Clause to be satisfied</u>." *Id.*

Accordingly, any evidence the government wishes to introduce through the testimony of INS agents, the statements of the alleged aliens, and/or use the A-Files, is testimonial in nature and therefore inadmissible in the absence of live testimony by each of the declarants during trial.

Undersigned counsel has discussed this matter with AUSA Russ Brown who objects to this motion being granted.

WHEREFORE, Defendant ABIMEL CARABALLO respectfully requests this Court enter an order excluding A-Files from evidence, instruct the government to instruct

their witnesses to not testify as to any communication between the agents and the alleged

aliens, and whatever other relief this Court deems just and proper.


                              Respectfully Submitted,

                              s/ Martin J. Beguiristain
                              MARTIN J. BEGUIRISTAIN
                              Attorney for Defendant
                              Florida Bar No. 0146072
                              12930 SW 128th Street Ste 103
                              Miami, FL 33186
                              305-251-2302
                              Fax: 305-252-7392
                              MartinBLaw@aol.com


                    Certificate of Service

        I HEREBY CERTIFY that on June 20, 2008, I electronically filed the foregoing
document with the Clerk of the Court using CM/EMF.

                              s/ Martin J. Beguiristain
                              MARTIN J. BEGUIRISTAIN