UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA/BROWN

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

    Defendant
_____/

**MOTION TO SUPPRESS AND INCORPORATED
MEMORANDUM OF LAW**

Abimel Caraballo, through his undersigned counsel and pursuant to Rule 12, Federal R. Crim. P., moves this Honorable Court for an order suppressing all evidence illegally seized in any criminal proceeding of the above-styled cause and in support thereof states:

**Background**

On August 8, 2007, Officer Andollo of the North Miami Beach Police Department observed a 1998 Oceanic 25" boat entering Haulover Inlet from offshore. (Govt. Disc. – Page 180)  After Officer Andollo noticed three fishing rods on the boat, he drove his vehicle to the Haulover Boat Ramps to "initiate a fisheries check on the vessel."  (Govt. Disc. – Page 180)

When Officer Andollo arrived at the boat ramp area, he observed Mr. Caraballo pull up in a Dodge Truck and back up to the vessel. Officer Andollo exited his vehicle and approached Caraballo ordering him to stop his truck. Officer Andollo then walked up to the vessel and ordered its occupants Anderson Lopez and Edel Miranda to exit the vessel and stand in separate areas. With Caraballo, Lopez, and Miranda separated, Officer Andollo ordered Caraballo to remove the boat from the water, and then to pull over and exit the vehicle. Officer Andollo then boarded and conducted a search of the vessel, allegedly discovering eleven people located inside the cabin. Next, Officer Andollo called ICE and Border Patrol, who responded and continued the investigation, including interviews with Lopez and Miranda.

Based on information obtained through their investigation and interviews, the government presented its case against Caraballo to the Grand Jury. The Grand Jury returned a twenty-three count Indictment charging Caraballo with conspiracy to smuggle aliens, eleven counts of inducing aliens to enter the United States, and eleven counts of failing present the aliens to an appropriate immigration officer at a designated port of entry, all in violation of Title 8, United States Code Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iv), 1324(a)(2)(B)(iii), and Title 18 United States Code Section 982(a)(6)(A).

## Officer Andollo Violated Caraballo's Constitutional Right To Be Free From Unreasonable Stops, Searches, and Seizures

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Whren v. United States,* 517 U.S. 806, 809-810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). In *Whren*, the United States Supreme court stated that the temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. *Id.* Such an automobile stop is reasonable and constitutional if it is based on either probable cause to believe that a traffic violation has occurred or reasonable suspicion that a crime has been or will be committed. *United States v. Chanthasouxat,* 342 F.3d 1271, 1275 (11th Cir.2003) (citing *Whren,* 517 U.S. at 810, 116 S.Ct. at 1772; *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889).

In Florida, a person's expectation of privacy in a motorboat is less than the same expectation of privacy in an automobile. *See, e.g. State v. Casal,* 410 So.2d 152, 155 (Fla. 1982). However here Officer Andollo lacked any reasonable suspicion to believe that ay laws were being broken.

A stop is supported by reasonable suspicion if, under the totality of the circumstances and "from the collective knowledge of the officers involved in the stop," the police officers have an objectively reasonable suspicion that someone

has engaged, or is about to engage, in a crime. *United States v. Acosta,* 363 F.3d 1141, 1144-45 (11th Cir. 2004). The courts have cautioned that the suspicion must be "more than an inchoate and unparticularized suspicion or hunch." *Id.*

The Eleventh Circuit holds that "[a]s with probable cause, there is no litmus test for reasonable suspicion; 'each case must turn on the totality of the particular circumstances.'" *See United States v. Reeh*, 780 F.2d 1541, 1544 (11th Cir. 1986) (quoting *United States v. Brignoni-Ponce,* 422 U.S. 873, 885 n. 10, 95 S.Ct. 2574, 2582 n. 10, 45 L.Ed.2d 607 (1975)).

Nevertheless, "[i]t is settled, for example, that a mere generalized suspicion or hunch does not constitute reasonable suspicion." *See United States v. Reeh*, *supra* (citing *United States v. Villamonte-Marquez,* 652 F.2d 481, 488 (5th Cir. Aug. 3, 1981), *reversed on other grounds,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed. 22 (1983)). "Instead, reasonable suspicion must be based on 'specific articulable facts, together with rational inferences from those facts.'" *Id.*, (quoting *Brignoni-Ponce,* 422 U.S. at 884, 95 S.Ct. at 2582).

As the owner of the vessel, Caraballo has standing to challenge the stop and search of his vessel. Here the warrantless stop and search of his vessel was not justified because there were no exigent circumstances, and Officer Andollo lacked any reasonable suspicion that any laws were being broken.

Accordingly, the stop, search, and seizure of Caraballo and his vessel were illegal, and violated Caraballo's constitutional rights under Article 1, § 12 of the Florida Constitution and the Fourth Amendment of the United States Constitution. Because the stop and search were illegal, all information and evidence discovered by Officer Andollo and the Federal Officers must be suppressed as fruit of the illegal seizure. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

## Conclusion

Based on the foregoing grounds, Abimel Caraballo seeks to suppress the use of all evidence illegally obtained, including all evidence garnered through the illegal stop and subsequent search, including all information collected through interviews of Anderson Lopez and Edel Miranda.

Respectfully Submitted,

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN
Attorney for Defendant
Florida Bar No. 0146072
12930 SW 128th Street Ste 103
Miami, FL 33186
305-251-2302
Fax: 305-252-7392
MartinBLaw@aol.com

<u>Certificate of Service</u>

I HEREBY CERTIFY that on June 27, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/EMF.

<u>s/ Martin J. Beguiristain</u>
MARTIN J. BEGUIRISTAIN