UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA/BROWN

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

    Defendant
_____/

**DEFENDANT ABIMEL CARABALLO'S NOTICE OF REQUEST
FOR DISCLOSURES OF PRIOR CONVICTIONS,
404(b) EVIDENCE, AND EXPERT WITNESS SUMMARIES**

Defendant, ABIMEL CARABALLO, through undersigned counsel, files this notice of request to supplement certain discovery disclosures pursuant to Fed.R.Evid.404(b), Fed.R.Crim.P.16(a)(1)(B) and (a)(1)(E), and paragraphs A(4), H, and N, of the Standing Discovery Order:

1. The defendant requests that a full, complete and legible record of the defendant's prior convictions be produced by the government, clearly identifying all other charges made against the defendant, the disposition of the charges, and venue of each such prosecution, including: date of arrest; date of conviction, acquittal, dismissal, or deferral; whether each conviction is of a felony or misdemeanor or petty offense; the sentence imposed, and the dates of confinement and probation. Undersigned counsel requests these disclosures so that the defendant may receive the effective assistance of counsel concerning the election of a trial, plea or other disposition of the pending cause. Such assistance of counsel requires accurate data with which to compute various aspects

of the U.S. Sentencing Guidelines, including base offense level, criminal history, enhancements and departures.

    2. The defendant requests disclosure of all evidence of other crimes, wrongs or acts that the government intends to introduce at trial, in its case-in-chief or in rebuttal, as required by the 1991 amendment to Fed.R.Evid.404(b) (requiring disclosure and notice upon request by the accused). The government must specify the general nature of any such evidence and should articulate with precision the evidentiary purpose of the evidence offered. See *United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994). Accordingly, the defendant requests that the government identify the date, time and location of the alleged incident, the witnesses who will testify about the incident, the nature of the incident, and the purported relevance to this case. See *States v. Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998) (merely providing physical or other evidence to the defense in the course of discovery does not satisfy the explanatory obligation imposed on the government under Fed.R.Evid. 404(b)); *United States v. Matthews*, 226 F.3d 1075, 1082-83 (9th Cir. 2000) (government obligated to notify defendant of evidence offered primarily to show involvement in other offenses even if related to charged offense); *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994) (purpose of Fed.R.Evid. 404(b) notice requirement is to protect defense from "trial by ambush"). Additionally, the defendant requests disclosure of all *Brady/Agurs/Giglio* and *Napue* material pertaining to each such incident, as otherwise defined in paragraphs C and D of the Standing Discovery Order.

    3. The defendant requests disclosure under Fed.R.Crim.P. 16 (a)(1)(E) of expert testimony the government intends to introduce at trial during its case-in-chief. As to each

potential expert witness, the government should disclose the name of the expert witness, the witness' qualifications, present employment, a summary of the witness' opinion, and the bases and reasons for that opinion.  See, *e.g., United States v. Ortega*, 150 F.3d 937, 943 (8th Cir. 1998) (agent's testimony, involving specialized knowledge of drug-related activities and paraphernalia, was expert opinion subject to disclosure).

Respectfully Submitted,

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN
Attorney for Defendant
Florida Bar No. 0146072
12930 SW 128th Street Ste 103
Miami, FL 33186
305-251-2302
Fax: 305-252-7392
MartinBLaw@aol.com

Certificate of Service

I HEREBY CERTIFY that on June 27, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/EMF.

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN