UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

           Defendant.       /

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION TO DISMISS COUNTS 13-23 OF THE INDICTMENT

The United States of America, by and through the undersigned Special Assistant United States Attorney, respectfully submits this response in opposition to Defendant Abimel Caraballo's motion to dismiss counts 13-23 of the Indictment. In support, the undersigned states as follows:

### PROCEDURAL BACKGROUND

On May 6, 2008, the Grand Jury returned a twenty-three count Indictment against defendant Abimel Caraballo. Count 1 of the Indictment charged that the defendant did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I). Counts 2 through 12 of the Indictment charged that the defendant did knowingly encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard

of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), and Title 18, United States Code, Section 2. Counts 13-23 of the Indictment charges that the defendant knowingly brought to the United States aliens and did not upon arrival immediately bring and present such aliens to an appropriate immigration officer at a designated port of entry, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, and regardless of any official action which may later be taken with respect to such aliens, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii), and Title 18, United States Code, Section 2.

On June 20, 2008, Caraballo filed a motion *to dimiss* Counts 13-23 claiming the statute charged in those counts, Title 8 United States Code, Section 1324(a)(2)(B)(iii), is unconstitutional because it violates the Fifth Amendment privilege against self-incrimination. Title 8 United States Code, Section 1324(a)(2)(B)(iii) does not violate the Fifth Amendment privilege against self-incrimination.  Defendant's motion to dismiss should be denied.

## LAW AND ARGUMENT

Counts 13 through 23 of the Indictment charge the defendant with violating Title, United States Code, Section 1324(a)(2)(B)(iii), and Title 18, United States Code, Section 2 by and reads that  the defendant

> knowingly brought into the United States an alien ("...") and did not upon arrival immediately bring and present such alien to an appropriate immigration officer at a designated port of entry, knowing and in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter, and reside in the United States, and regardless of any official action which may later by taken with respect to such alien.

Specifically, Title 8, United States Code, Section 1324(a)(2)(B)(iii) states:

> (a)(2) Any person who, knowing or in reckless disregard of the fact that such an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs
>     (B) in the case of
>         (iii) an offense in which the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry be fined under Title 18 and shall be imprisoned ("...").

### a. Presentment at the Border is Non-Testimonial

The right against self-incrimination extends to any compelled testimony which may be used against at person at trial or may lead to evidence discovered against him or her and later used in a criminal prosecution against the individual. *Hoffman v. United States*, 341 U.S. 479 (1951). The Supreme Court and Eleventh Circuit have found that many individual requirements by the government are non-testimonial in nature. For example, handwriting samples are non-testimonial (see *Gilbert v. California*, 388 U.S. 263 (1967)), the compelled display of identifiable physical characteristics is non-testimonial (see *United States v. Wade*, 388 U.S. 218 (1967)), compelled voice exemplar is non-testimonial (see *United States v. Van Horn*, 789 F.2d 1492 (11th Cir. 1986)), compelled taking of blood samples is non-testimonial (see *Schmerber v. California*, 384 U.S. 757 (1966)), suspects may be compelled to sign forms to release information (see *Doe v. United States*, 487 U.S. 201 (1988)), etc.

However, the Supreme Court has struck down various disclosure statutes whereby a response to a question on a form or other compelled type responses might involve admitting an element of a crime. See *Albertson v. Subversive Activities Control Board,* 382 U.S. 70 (1965). These

unconstitutional statutes required various classes of people to disclose that they were a member of the class and then punished them for being a member, i.e. gamblers, owners of certain firearms, members of the communist party, marijuana dealers, etc. See *Leary v. United States*, 395 U.S. 6 (1969); *Marchetti* v. *United States*, 390 U.S. 39 (1968); *Grosso v. United States,* 390 U.S. 62 (1968).

Contrary to the above unconstitutional disclosure statutes, in *California v. Byers*, 402 U.S. 424 (1971), the Supreme Court upheld a California statute that required drivers involved in car accidents to disclose their name and addresses to police. In doing so, the *Byers* Court summarized its previous holdings regarding disclosure statute cases and stated that the previous disclosure statutes were deemed unconstitutional because those statutes involved reporting requirements of individuals in groups highly suspected of criminal activity which reporting to be a member of such a group created "substantial hazards of self-incrimination." *Id* at 430. See also *United States v. Sullivan*, 274 U.S. 259 (1927), the requirement to file income tax returns found to be a disclosure statute directed at the public at large and neutral on its face.

Border searches apply to searches that occur at the border and functional equivalent of the border. *Almeida-Sanchez v. United States*, 413 U.S. 266 (1973). Border searches are not subject to probable cause but only a Fourth Amendment reasonableness standard. *United States v. Ramsey*, 431 U.S. 606 (1977). The fact that a person is crossing an international boundary is reason in and of itself to permit a search for aliens or contraband without any other circumstances present that are normally required under the Fourth Amendment. *United States v. Adams*, 1 F.3d 1566 (11th Cir. 1993).

None of the disclosure or non-testimonial cases discussed above holds that presentment of ones-self or another individual is testimonial in nature and violates the 5th Amendment right against self-incrimination. 8 U.S.C. § 1324(a)(2)(B)(iii) is directed to the public at large and is neutral on

its face.  It is not directed at a specific class of individuals requiring disclosure under the law, for example, alien smugglers. Rather, it is directed at ensuring that persons legally enter the United States at designated ports of entry and present themselves to immigration officials.  Additionally, courts have found that persons crossing international boundaries have less Fourth Amendment rights than normally afforded to persons in the United States due to the necessity of securing the borders.  The statute is aimed at enforcing the border integrity of the United States.

### b. Presentment of an alien at a designated port of entry is not per se a criminal violation

In *United States v. Perez*, 443 F.3d 772, 782 (11th Cir. 2006), the Court reviewed the legislative intent of 8 U.S.C. § 1324(a)(2) and stated

> the legislative history of 8 U.S.C. § 1324 indicates that subsection (a)(2) was added in 1986 to clarify that a "person who knowingly transports an undocumented alien to any place in the United States will be subject to criminal prosecution if that person knew the alien was undocumented or acted with wilful [ ] blindness concerning the alien's immigration status. (internal citations omitted).

The Perez Court further stated  that the amendment was specifically meant to increase the penalties for knowingly bringing an alien to other than designated ports of entry.

8 U.S.C. § 1324(a)(2)(B)(iii) contains a mens rea requirement.  A person must know that the individual(s) they are bringing in is an alien without prior official authorization to enter the United States or a person must recklessly disregard the fact that such an alien does not have official authorization to enter the United States in order to be found guilty of 8 U.S.C. § 1324(a)(2)(B)(iii). The Government must prove the aforementioned element beyond a reasonable doubt. The statute merely increases the penalties for bringing the alien to a place other than a designated port of entry after the Government proves beyond a reasonable doubt that the defendant knowingly or in reckless

disregard of the fact brought an alien into the United States. Thus, presentment of an alien is not a per se criminal violation of the statute. Additionally, the statute does not compel a person to incriminate themselves nor does it require anyone to make a statement upon presentment of an alien. Rather, it merely increases the criminal penalty for not bringing an alien to a designated port of entry.

## CONCLUSION

Based on the foregoing reasons, the United States respectfully requests that the Court deny Defendant Abimel Caraballo's Motion *to Dismiss*.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:     s/ Russ Brown
        Special Assistant
        United States Attorney
        Court ID No. A5501216
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9279
        Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 4, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/Russ Brown
Special Assistant United States Attorney