UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA/BROWN

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

    Defendant
_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONDE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE A-FILE AND THE INFORMATION CONTAINED THEREIN AS HEARSAY**

Abimel Caraballo, by and through undersigned counsel, respectfully files this Reply to the government's Response to Defendant's Motion in Limine to Exclude A-File and the information contained therein as hearsay and in support thereof states as follows:

**The Information Contained Within the A-files is Testimonial Evidence and is Therefore Subject to Confrontation**

The United States Supreme Court defined "testimony" as typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *See United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005) (quoting *Crawford*, 541 U.S. 51, 124 S.Ct. 1354) (quoting 1 N. Webster, An American Dictionary of the English Language (1828)).

Accordingly, "formal statement[s] to government officers" are generally testimonial. *United States v. Baker, supra* (quoting *Crawford,* 541 U.S. at 51, 124 S.Ct. 1354).

### *United States v. Cantellano* Is Distinguishable

The government's reliance on *United States v. Cantellano* is misplaced. In *United States v. Cantellano*, 430 F.3d 1142 (11th Cir. 2005), the government sought to prove that the defendant had reentered the country after being deported. This required proof that he had actually left the country after the original deportation. An immigration enforcement agent submitted a "warrant of deportation" attesting that he saw Cantellano leave the United States. The court admitted the warrant without testimony from the agent. The Eleventh Circuit held the sworn declaration non-testimonial, and hence admissible under *Crawford,* because it was not prepared specifically for the prosecution, but rather was a contemporaneous document recorded as part of the routine duties of border agents who see deportees leave the country. In its decision, the Eleventh Circuit reasoned:

> Testimonial evidence is not admissible without confrontation unless the testifier is unavailable and the defendant has had an opportunity for cross-examination. In contrast, non-testimonial evidence is not subject to confrontation. Although the Court in *Crawford* declined to give a comprehensive definition of "testimonial" evidence, non-testimonial evidence fails to raise the same concerns as testimonial evidence. Because non-

> testimonial evidence is not prepared in the shadow of criminal proceedings, it lacks the accusatory character of testimony. ***Non-testimonial evidence is not inherently adversarial.***
>
> We are persuaded that a warrant of deportation does not implicate adversarial concerns in the same way or to the same degree as testimonial evidence. ***A warrant of deportation is recorded routinely and not in preparation for a criminal trial.*** It records facts about where, when, and how a deportee left the country. Because a warrant of deportation does not raise the concerns regarding testimonial evidence stated in *Crawford,* we conclude that a warrant of deportation is non-testimonial and therefore is not subject to confrontation.

*United States v. Cantellano*, 430 F.3d 1142, 1145 (11th Cir. 2005). In contrast the information collected from the alleged aliens was clearly taken in preparation for criminal trial. When the alleged aliens were interviewed the information was not collected for purely routine purposes, instead the interviewers were fully aware that the information provided by the alleged aliens would most likely be used in a criminal proceeding.

Furthermore in *Cantellano*, the information contained in Cantellano's warrant of deportation contained information regarding Cantellano ***himself***; it did contain information regarding someone else. However in the instant case, Defendant is objecting to the introduction of evidence regarding ***someone else***.

The Confrontation Clause "commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *See United States v. Gonzalez-Lopez*, 548 U.S. ----, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), (citing *Crawford v. Washington*, at 61, 124 S.Ct. 1354, and rejecting *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). Moreover, the Eleventh Circuit has designated that as a bright-line rule, "if a statement is testimonial and the defendant did not have a prior opportunity for cross-examination, ***the declarant must testify at trial for the Confrontation Clause to be satisfied***." *United States v. Baker, supra* (emphasis added).

### The Information Contained Within the A-files Regarding The Alleged Aliens Is Inadmissible Hearsay Pursuant to Federal Rule of Evidence 803(8)

The information contained in the alleged alien's A-files does not fall under the hearsay exception outlined in Federal Rule of Evidence 803, which states:

> Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial
>
> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty

> to report, ***excluding, however, in <u>criminal cases</u> matters observed by police officers and other law enforcement personnel***, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8) (emphasis added).

Again, the information taken from the alleged aliens was not simply collected for informational purposes; the information was collected for future criminal prosecution. This is contrast to information contained in an individual's warrant of deportation. Here the information is about some else, it is not about the defendant himself.

Moreover, any statements or information elicited from the alleged aliens would lead an objective witness to reasonably believe that these statements would be available for use at a later trial, and therefore fall within the "core class" of testimony as described in *United States v. Baker*[1], *supra*.

---

[1] "[E]xtrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, and statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial, fall within the 'core class' of testimony."
*United States v. Baker*, *supra* (quoting *Crawford*, at 51-52, 124 S.Ct. 1354).

## Conclusion

For the above reasons, any evidence the government wishes to introduce through the testimony of INS agents, the statements of the alleged aliens, and/or use the A-Files, is testimonial in nature and therefore inadmissible in the absence of live testimony by each of the declarants during trial.

WHEREFORE, Defendant ABIMEL CARABALLO respectfully requests this Court enter an order excluding A-Files from evidence, instruct the government to instruct their witnesses to not testify as to any communication between the agents and the alleged aliens, and whatever other relief this Court deems just and proper.

Respectfully Submitted,

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN
Attorney for Defendant
Florida Bar No. 0146072
12930 SW 128th Street Ste 103
Miami, FL 33186
305-251-2302
Fax: 305-252-7392
MartinBLaw@aol.com

<u>Certificate of Service</u>

  I HEREBY CERTIFY that on July 8, 2008, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/EMF.

                <u>s/ Martin J. Beguiristain</u>
                MARTIN J. BEGUIRISTAIN