UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA/BROWN

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

    Defendant
_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS 13-23 OF THE INDICTMENT AND INCORPORATED MEMORANDUM OF LAW**

Abimel Caraballo, by and through undersigned counsel, respectfully files this Reply to the government's Response to Defendant's Motion to Dismiss Counts 13-23 of the Indictment and in support thereof states as follows:

The United States Supreme Court has been zealous to safeguard the values which underlie the privilege against compulsory self-incrimination. The Fifth Amendment privilege against compulsory self-incrimination reflects our nation's fundamental values and aspirations, and marks an important advance in the development of our liberty. *Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653 (1972) (citing *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 55, 84 S.Ct. 1594, 1596, 12 L.Ed.2d 678

(1964)). Accordingly it can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used. *Id.*

## As Written, Title 8, United States Code Section 1324(a)(2)(B)(iii) Is Unconstitutional

Title 8, United States Code Section 1324(a)(2)(B)(iii) states in pertinent part:

> **(a)(2)** Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs--
>
> > **(B)** in the case of--
> >
> > **(iii)** an offense in which the alien is not *upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry*,
>
> be fined under Title 18 *and shall be imprisoned*, in the case of a first or second violation of subparagraph (B)(iii), not more than 10 years, in the case of a first or second violation of subparagraph (B)(i) or (B)(ii), not less than 3 nor more than 10 years, and for any other violation, not less than 5 nor more than 15 years.

8 USC § 1324 (emphasis added).

Although the Fifth Amendment to the United States Constitution provides in pertinent part that no person "shall be compelled in any criminal case to be a witness against himself, 8 USC § 1324(a)(2)(B)(iii) subjects to punishment any person who brings to or attempts to bring to the United States in any manner whatsoever, an alien, <u>and does not upon arrival immediately bring and present this alien to an appropriate immigration officer at a designated port of entry</u>. This is unconstitutional because it violates the Self-Incrimination Clause of the Fifth Amendment.

## Florida's Accident Report Privilege

Florida's accident report privilege states in pertinent part:

> (7) Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. ***No such report or statement shall be used as evidence in any trial, civil or criminal.*** However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the crash if that person's privilege against self-incrimination is not violated. The results of breath, urine, and blood tests administered as provided in s. 316.1932 or s. 316.1933 are not confidential and shall be admissible into evidence in accordance with the

> provisions of s. 316.1934(2). Crash reports made by persons involved in crashes shall not be used for commercial solicitation purposes; however, the use of a crash report for purposes of publication in a newspaper or other news periodical or a radio or television broadcast shall not be construed as "commercial purpose."

Florida Statute § 316.066 (emphasis added).

The purpose of the accident report privilege is to avoid Fifth Amendment violations by clothing with statutory immunity only such statements and communications as driver, owner, or occupant of vehicle is compelled to make in order to comply with his or her duty under accident report statute. *State v. Marshall*, 695 So.2d 719 (3d DCA 1996), review granted 689 So.2d 1072, approved 695 So.2d 686. Moreover, the purpose of accident report privilege is to encourage people to make true report of accident in order to facilitate ascertainment of cause of accidents, thus furthering the state's ultimate goal of making highways safer for all of society. *Department of Highway Safety and Motor Vehicles v. Corbin*, 527 So.2d 868 (Fla. 1st DCA 1988), review denied 534 So.2d 399.

A similar section could be added to 8 USC § 1324 which could state in pertinent part:

> (a)(5) Except as specified in this subsection, any information reported by persons to immigration officers regarding aliens they have brought in and presented at a

> designated port of entry in accordance with 8 USC § 1324(a)(2)(B)(iii) shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, an immigration officer at a criminal trial may testify as to any statement made to the officer by the person involved in bringing in and presenting such aliens if that person's privilege against self-incrimination is not violated.

8 USC § 1324(a)(5) (proposed).

## California v. Byers

In its response, the government cites to *California v. Byers* as persuasive authority of why 8 USC § 1324(a)(2)(B)(iii) does not violate the Fifth Amendment privilege against self-incrimination. In *California v. Byers*, the United States Supreme Court addressed whether a California statute that required drivers involved in car accidents to disclose their name and addresses to police violated the Fifth Amendment privilege against self-incrimination. In upholding the statute, the Court stated in pertinent part:

> Although the California Vehicle Code defines some criminal offenses, the statute is essentially regulatory, not criminal. The California Supreme Court noted that s 20002(a)(1) was **not intended to facilitate criminal convictions** but to promote the satisfaction of civil liabilities arising from automobile accidents. In *Marchetti* the Court rested on the reality that almost everything connected with gambling is illegal under 'comprehensive' state and federal statutory schemes. The Court noted that in almost every conceivable situation compliance with the statutory gambling requirements

would have been incriminating. Largely because of these pervasive criminal prohibitions, gamblers were considered by the Court to be 'a highly selective group inherently suspect of criminal activities.'

In contrast, s 20002(a)(1), like income tax laws, is directed at all persons-here all persons who drive automobiles in California. This group, numbering as it does in the millions, is so large as to render s 20002(a)(1) a statute 'directed at the public at large.' *Albertson v. SACB*, 382 U.S., at 79, 86 S.Ct., at 199, construing *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). It is difficult to consider this group as either 'highly selective' or 'inherently suspect of criminal activities.'

*California v. Byers*, 402 U.S. 424, 430 - 431, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971) (emphasis added).

In contrast, Title 8, United States Code Section 1324(a) is entitled as "Bringing in and harboring certain aliens – Criminal Penalties." Clearly this is a criminal statute, not a regulatory statute as in *California v. Byers*. In fact, noncompliance with the statute subjects people to **imprisonment**[1]. Accordingly, the government's reliance on *California v. Byers* is misplaced.

---

[1] **(a)(2)** Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such

## The Motion to Dismiss Is Alleging a Fifth Amendment Violation, Not a Fourth Amendment Violation

In its response, the government states "[a]dditionally, courts have found that persons crossing international boundaries have less Fourth Amendment rights than normally afforded to persons in the United States due to the necessity of securing the borders. The statute [8 USC § 1324(a)(2)(B)(iii)] is aimed at enforcing the border integrity of the United States." (Govt. Response at 5)  The government fails to recognize that the presentment of the aliens to an immigration official at a designated port of entry violates the Fifth Amendment privilege against self-incrimination. Title 8, USC § 1324(a)(2)(B)(iii) does not encompass Fourth Amendment issues. Instead Title 8, USC § 1324(a)(2)(B)(iii) must be declared

---

alien shall, for each alien in respect to whom a violation of this paragraph occurs--

  **(B)** in the case of--

  **(iii)** an offense in which the alien is not ***upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry***,

  be fined under Title 18 ***and shall be imprisoned***, in the case of a first or second violation of subparagraph (B)(iii), not more than 10 years, in the case of a first or second violation of subparagraph (B)(i) or (B)(ii), not less than 3 nor more than 10 years, and for any other violation, not less than 5 nor more than 15 years.

8 USC § 1324(a)(2)(B)(iii) (emphasis added).

unconstitutional because it violates the Self-Incrimination Clause of the Fifth Amendment.

## CONCLUSION

For the reasons stated above, and for any other reason that the Court may deem just and proper, defendant Abimel Caraballo respectfully requests that the Court grants Defendant's Motion to Dismiss Counts 13-23 of the Indictment.

Respectfully Submitted,

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN
Attorney for Defendant
Florida Bar No. 0146072
12930 SW 128th Street Ste 103
Miami, FL 33186
305-251-2302
Fax: 305-252-7392
MartinBLaw@aol.com

Certificate of Service

I HEREBY CERTIFY that on July 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/EMF.

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN