**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20266-CR-ALTONAGA**

**UNITED STATES OF AMERICA**

**v.**

**ABIMEL CARABALLO**

      **Defendant.**
_____/

**GOVERNMENT'S PROPOSED
VERDICT FORM AND JURY INSTRUCTIONS**

      Pursuant to Federal Rule of Criminal Procedure 30, the United States attaches its proposed

verdict form, and respectfully requests that the following jury instructions be given at trial in this

case.  The United States further requests that the parties be allowed to propose such additional

instructions as become appropriate based on the trial testimony, and that they be informed prior to

closing arguments which instructions the Court will accept and which it will decline.

                        Respectfully submitted,

                        R. ALEXANDER ACOSTA
                        UNITED STATES ATTORNEY

               By:  s/ Russ Brown
                    Russ Brown
                    Court ID No. A5501216
                    Special Assistant United States Attorney
                    99 N.E. 4th Street
                    Miami, FL  33132
                    Tel: (305) 961-9279
                    Fax: (305) 530-7976
                    Email: Russell.Brown2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a copy of the foregoing has been submitted via electronic mail to the Court.

 s/ Russ Brown_____

Russ Brown

Special Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20266-CR-ALTONAGA**

**UNITED STATES OF AMERICA**

**v.**

**ABIMEL CARABALLO,**

　　　**Defendant.**
_____/

**Court's Instructions**
**to the Jury**[1]

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

---

[1]　Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 1.

1

**Duty To Follow Instructions**
**Presumption Of Innocence[2]**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, every Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove innocence or to produce any evidence at all; [and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations.]  The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

---

[2]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 2.1.

2

**Definition Of Reasonable Doubt[3]**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[3]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 3.

**Consideration Of The Evidence**
**Direct And Circumstantial**
**Argument Of Counsel**[4]

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

[4]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 4.1.

**Credibility Of Witnesses**[5]

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

---

[5]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 5.

## Impeachment -- Inconsistent Statement[6]

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[6]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 6.1

**Notetaking**[7]

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

---

[7]  Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 5.

## Introduction to Offense Instructions[8]

At this time I will explain the indictment, which charges seven separate offenses called "counts."   I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendant knowingly and willfully conspired to encourage and induce an alien to come to, enter, or reside in the United States.  Counts 2 through 12 charge the Defendant knowingly encouraged and induced each alien named in the respective counts to come to, enter, or reside in the United States. Counts 13 through 23 charge that the defendant knowingly brought each alien named in each respective account into the United States without prior permission..

I will now explain the law governing these offenses.

---

[8] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 8.

## On or About—Knowingly—Willfully[9]

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

---

[9]     Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 9.1.

**Conspiracy to Encourage and Induce Aliens to Enter the United States**

**8 U.S.C. § 1324(a)(1)(A)(v)(I)[10]**

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) (Encouraging and Inducing Aliens to Enter the United States).  So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purpose" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type agreement; or that the members had planned together all the details of the scheme that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the scheme itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:       That two or more persons in some way or manner, came to a
             mutual understanding to try to accomplish a common and
             unlawful plan, as charged in the indictment;

Second:      That the Defendant, knowing the unlawful purpose of

---

[10]11th Circuit P.J.I. - Offense Instruction #13.1 (modified)

10

the plan, willfully joined it;

Third:   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods described in the indictment; and

Fourth:   That such method was knowingly committed at or about the time alleged in an effort to carry out some object of the conspiracy.

A person may become part of a conspiracy without knowing all the details of the unlawful scheme, and without knowing who all of the other members are.  So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of the conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## Encouraging and Inducing Aliens to Enter the United States

## 8 U.S.C. § 1324(a)(1)(A)(iv)[11]

The Defendant is charged in Counts 2 through 12 with separate violations of 8 U.S.C. Section 1324(a)(1)(A)(iv). This law makes it a crime to knowingly encourage or induce an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law.

To find the Defendant guilty of this crime you must be convinced that the Government has proved each of the following, as to each alien separately listed in Counts 2 through 12, beyond a reasonable doubt:

First:        That the Defendants knowingly encouraged and induced the persons named in the indictment to come to or enter the United States in violation of law;

Second:    That such person was then an alien; and

Third:       The Defendants knew or were in reckless disregard of the fact that such person's coming to or entry into the United States would be in violation of the law.

An alien is any person who is not a natural-born or naturalized citizen, or national of the United States. The term "national of the United States" includes not only a citizen, but also a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

To "encourage" means to instigate, to incite to action, to give courage to, to inspirit, to

---

[11] 11th Circuit Criminal Instruction #83.2 (modified); Title 8, United States Code, Section 1324(a)(1)(A)(iv); Blacks Law Dictionary.

embolden, to raise confidence, to help, to forward, and/or to advise.

To "induce" means to bring on or about, to affect, cause, to influence an act or course of conduct, lead by persuasion or reasoning, incite by motives, and/or to prevail on.

To act with "reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person's coming to or entry in the United States would be in violation of law.

**Bringing in at other than a designated port of entry—without authorization**

**8 U.S.C. § 1324(a)(2)[12]**

The defendant is charged in counts 13-23 with a violation of 8 U.S.C. section 1324(a)(2). This law makes it a crime to knowingly bring an alien into the United States who has not received prior official authorization to enter.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:          That the Defendant brought or attempted to bring an alien into the United States;

Second:     That the Defendant acted knowing, or in reckless disregard, of the fact that the alien had not received prior official authorization to come to or enter the United States, regardless of whether the alien was later allowed to remain in the United States; and

Third:        That the Defendant did not immediately bring and present the alien to an appropriate immigration officer at a designated port of entry.

An alien is any person who is not a natural-born or naturalized citizen, or a national of the United States. The term "national of the United States" includes not only a citizen, but also a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

To act with "reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person was an alien who had entered or remained

---

[12]*United States v. Perez*, 443 F.3d 772, 780-781 (11th Cir. 2006); 11th Circuit Criminal Instruction #83.2,  and Title 8, United States Code, Section 1324(a)(2)(B)(iii).

14

in the United States in violation of law.

The "designated port of entry" for aliens arriving by any means of transportation into Miami-Dade County, Florida, other than by aircraft, is defined by Title 8, Code of Federal Regulations, Part 100.4 (c)(2) as Miami Marine Unit, Florida.

## Caution -- Punishment[13]

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted, the matter of punishment is for the Judge alone to determine later.

---

[13]    Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 10.1.

16

**Duty To Deliberate**[14]

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

[14]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 11.

17

**Verdict**[15]

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

[15]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 12.

18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20266-CR-ALTONAGA**

**UNITED STATES OF AMERICA**

**v.**

**ABIMEL CARABALLO,**

    **Defendant.**

_____/

**<u>VERDICT FORM</u>**

1.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 1 of the Indictment:

                  GUILTY _____           NOT GUILTY _____

2.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 2 of the Indictment:

                  GUILTY _____           NOT GUILTY _____

3.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 3 of the Indictment:

                  GUILTY _____           NOT GUILTY _____

4.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 4 of the Indictment:

                  GUILTY _____           NOT GUILTY _____

5.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 5 of the Indictment:

GUILTY _____          NOT GUILTY _____

6.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 6 of the Indictment:

GUILTY _____          NOT GUILTY _____

7.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 7 of the Indictment:

GUILTY _____          NOT GUILTY _____

8.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 8 of the Indictment:

GUILTY _____          NOT GUILTY _____

9.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 9 of the Indictment:

GUILTY _____          NOT GUILTY _____

10.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 10 of the Indictment:

GUILTY _____          NOT GUILTY _____

11.      We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to

Count 11 of the Indictment:

GUILTY _____          NOT GUILTY _____

12.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 12 of the Indictment:

GUILTY _____                    NOT GUILTY _____

13.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 13 of the Indictment:

GUILTY _____                    NOT GUILTY _____

14.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 14 of the Indictment:

GUILTY _____                    NOT GUILTY _____

15.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 15 of the Indictment:

GUILTY _____                    NOT GUILTY _____

16.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 16 of the Indictment:

GUILTY _____                    NOT GUILTY _____

17.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 17 of the Indictment:

GUILTY _____                    NOT GUILTY _____

18.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 18 of the Indictment:

GUILTY _____                    NOT GUILTY _____

19.     We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 19 of the Indictment:

GUILTY _____          NOT GUILTY _____

20.    We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 20 of the Indictment:

GUILTY _____          NOT GUILTY _____

21.    We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 21 of the Indictment:

GUILTY _____          NOT GUILTY _____

22.    We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 22 of the Indictment:

GUILTY _____          NOT GUILTY _____

23.    We, the Jury, unanimously find the Defendant, ABIMEL CARABALLO, as to Count 23 of the Indictment:

GUILTY _____          NOT GUILTY _____

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida,

this _____ day of July, 2008.

_____          _____
Foreperson's Signature                              Foreperson's Printed Name