UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20266-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**ABIMEL CARABALLO**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion *in Limine* to Exclude A-File and the Information Contained Therein as Hearsay [D.E. 24], filed on June 20, 2008. The undersigned has carefully considered the Motion, the record, and applicable law.

Defendant is charged with (1) encouraging and inducing aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence is and will be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); (2) conspiracy to do the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and (3) failure to bring and present such aliens to an appropriate immigration officer at a designated port of entry, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. These charges arise from the alleged discovery of eleven illegal aliens in the cuddy cabin aboard a 25-foot fishing vessel owned by Defendant shortly after that vessel docked at a boat ramp near Haulover Inlet, Florida on the morning of August 7, 2007.

The eleven migrants allegedly found aboard Defendant's vessel were subsequently interviewed

Case No. 08-20266-CR-ALTONAGA

by U.S. Border Patrol officers and agents of U.S. Immigration and Customs Enforcement ("ICE") at the Border Patrol Station in Pembroke Pines, Florida. The Government states the relevant information the migrants provided at the interview "was biographical in nature" in response to "routine, objective questions that are posed to all aliens entering the United States," and the information was "reduced to writing and incorporated within each individual alien's A-file . . . ." (*Response to Defendant's Motion* in Limine [D.E. 33] at 4-5).

In the Motion, Defendant asserts the Government intends to introduce evidence of the migrants' statements through testimony of ICE agents and/or through the "A-Files" themselves. Defendant argues these statements are hearsay not encompassed within the public records exception to the hearsay bar provided by Federal Rule of Evidence 803(8), and admission of the statements would violate his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution.[1] Defendant seeks an order "excluding A-Files from evidence, [and] instruct[ing] the government to instruct their witnesses to not testify to any communication between the agents and the alleged aliens." (*Motion* at 5-6).

The relevant inquiry regarding whether admission of an out of court statement will violate a criminal defendant's rights under the Confrontation Clause begins with the Supreme Court's decision in *Crawford v. Washington*, where the Court stated, "the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. 36, 53-54 (2004).

---

[1] The Confrontation Clause of the Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

Case No. 08-20266-CR-ALTONAGA

The Court did not provide a definitive definition of "testimonial statements," but such statements do include:

> "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," fall within the "core class" of testimony.

*United States v. Baker*, 432 F.3d 1189, 1203-04 (11th Cir. 2005) (quoting *Crawford*, 541 U.S. at 51-52). Additionally, "'[s]tatements taken by police officers in the course of interrogations' are *definitively* 'testimonial.'" *Id.* (quoting *Crawford*, 541 U.S. at 52) (emphasis in original).

From the parties' characterization of the statements contained in the "A-Files," it is unclear whether such statements are testimonial in nature, and thus the Court is unable to engage in a meaningful evaluation of whether admission of the testimony or documents would violate Defendant's rights. The undersigned notes, however, the "A-Files" may potentially contain testimonial statements. *See United States v. Earle*, 488 F.3d 537, 539 n.2 (1st Cir. 2007) ("An A-file is kept by the INS and its successor agencies on foreign nationals who come in contact with the government. It contains a wide range of documents, including applications for benefits, pictures, birth certificates, marriage certificates, internal memos, records of enforcement actions and deportations, and fingerprint cards."); *United States v. Lopez-Moreno*, 420 F.3d 420, 428 (5th Cir. 2005) ("the Government indicated its intent to present certain documents drawn from each of the [illegally transported alien] passengers' 'A-files' as evidence at trial. An A-file is the Government's official file on each alien for whom it has information. The Government acknowledged that the A-files contained sworn statements from the passengers . . . .").

Case No. 08-20266-CR-ALTONAGA

Similarly, with respect to Defendant's contention the "A-Files" are not admissible hearsay under the public records exception of Rule 803(8), the Court is not in a position to rule on their admissibility without further information regarding what is contained in the "A-Files." It does appear that most, if not all of the files would, however, qualify under the exception, assuming the statements are non-testimonial in nature. *See United States v. Agustino-Hernandez*, 14 F.3d 42, 43 (11th Cir. 1994) (Government introduced portions of the "A-File" at trial "including warrants of deportation, an order to show cause and an I.N.S. I-194 form." On appeal, the court held "admission of routinely and mechanically kept I.N.S. records, such as the I-194 form and warrants of deportation, does not violate Rule 803(8)(B).").

Accordingly, and in the absence of further detail regarding the contents of the "A-Files" and the portions the Government intends to introduce, it is

**ORDERED AND ADJUDGED** that Defendant's Motion **[D.E. 24]** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the "A-Files" include testimonial statements, such statements are inadmissible.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of July, 2008.

*/s/ Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of record