UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-20942-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**ABIMEL CARABALLO**,

    Defendant.
_____/

<u>**ORDER ON MOTION TO DISMISS**</u>

**THIS CAUSE** is before the Court on Defendant, Abimel Caraballo's Motion to Dismiss Counts 13-23 of the Indictment [D.E. 25]. The Court has carefully considered the parties' written submissions and applicable law.

Defendant is charged with (1) encouraging and inducing aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence is and will be in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); (2) conspiracy to do the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and (3) failure to bring and present such aliens to an appropriate immigration officer at a designated port of entry, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) (hereinafter "Section 1324").[1] These charges arise from the alleged discovery of eleven illegal aliens in the cuddy cabin aboard a 25-foot fishing vessel owned by Defendant shortly after that vessel docked at a boat ramp near Haulover Inlet, Florida on the morning of August 7, 2007.

The counts of the Indictment at issue, Counts 13 to 23, charge Defendant with violations of

---

[1] Defendant is charged in all counts with aiding and abetting the crimes, under 18 U.S.C. § 2.

Case No. 08-20266-Cr-Altonaga

Section 1324. Section 1324 provides in pertinent part:

> (a)(2) Any person who, knowing or in reckless disregard of the fact that such an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs
>
>     *       *       *
>
> (B) in the case of
>
>     *       *       *
>
> > (iii) an offense in which the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry be fined under Title 18 and be imprisoned . . . not more than 10 years . . . .

Defendant seeks a dismissal of these counts arguing that Section 1324 violates the self-incrimination clause of the Fifth Amendment, and is consequently, unconstitutional.

The right against self-incrimination extends to any compelled testimony that may be used against a person at trial or may lead to evidence discovered against him and later used in a criminal prosecution against the individual. *Hoffman v. United States*, 341 U.S. 479 (1951). "The fifth amendment exists, in part, to 'assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action.'" *United States v. Sharp*, 920 F.2d 1167, 1169 (4th Cir. 1990) (quoting *Maness v. Meyers*, 419 U.S. 449, 461 (1975)). The Fifth Amendment protection against self-incrimination applies to "information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." *Maness*, 419 U.S. at 461 (citing *Hoffman*, 341 US. at 486). Nonetheless, where certain disclosures are required as part of a

Case No. 08-20266-Cr-Altonaga

comprehensive regulatory scheme, an individual's Fifth Amendment privilege must be balanced against the public need underlying the regulatory scheme. *See United States v. Harper*, 397 F. Supp. 983, 992-93 (E.D. Pa. 1975) (citing *United States v. Sullivan*, 274 U.S. 259 (1927), and *California v. Byers*, 402 U.S. 424 (1971)).

Defendant asserts the act of bringing and presenting an alien to an immigration officer at a port of entry furnishes a link in the chain of evidence that could lead to prosecution. (*See Mot.* at p. 10). Defendant's argument finds support in factually analogous cases binding in this Circuit.

In *Lovelace v. United States*, the court considered the constitutionality of an indictment charging defendant with possession of a firearm that had not been registered by the defendant, contrary to the requirement of 26 U.S.C. § 5851. 357 F.2d 306, 309 (5th Cir. 1966).[2] The offense charged included "not only the possession of a firearm, but also the failure to register by the defendant himself. Such registration would clearly incriminate him as he would thereby have to admit that he was in possession of a firearm which he did not acquire in compliance with section 5851." *Id.* The court consequently found the statute was being applied in an unconstitutional manner and reversed defendant's conviction.

In *Walden v. United States*, 417 F.2d 698, 699 (5th Cir. 1969), the court considered whether the requirements of declaring and invoicing marihuana at the border, contained in 21 U.S.C. § 176a, violated defendant's privilege against self-incrimination as guaranteed by the Fifth Amendment. Distinguishing *Grosso v. United States*, 390 U.S. 62 (1968), and *Marchetti v. United States*, 390 U.S.

---

[2] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), decisions of the United States Court of Appeals for the Fifth Circuit handed down before the close of business on September 30, 1981, are binding as precedent in the Eleventh Circuit.

Case No. 08-20266-Cr-Altonaga

39 (1968), where compliance with federal wagering tax statutes meant incrimination at the state level, the Fifth Circuit found the defendant's compliance with Section 176a precipitated no such incrimination. *Walden*, 417 F.2d at 699. This is because "[h]ad Walden declared and invoiced the marihuana at the border, it would have been immediately seized by Customs. At that point Walden would not have been vulnerable to prosecution, either Federal or State, because he would have complied with the Federal law and he would have never reached the State of Texas with marihuana in his possession." *Id.* at 700.

Similarly, in *United States v. Hudson*, 431 F.2d 468 (5th Cir. 1970), the court found no violation of the privilege against self-incrimination in a requirement that the defendants declare at their point of entry drugs which could not be lawfully brought into the United States. The court explained,

> *Leary*,[3] *Marchetti* and *Grosso* held invalid under the fifth amendment statutes which required an individual to pay federal taxes on activities that the State had declared illegal, and which therefore would subject the individuals to prosecution under state laws. In the present case . . . if appellants had declared and invoiced the heroin and marihuana at the International border, they would not, at that point, have been vulnerable to prosecution, either Federal or State, because they would have complied with the Federal law and would never have reached the United States with the drugs in their possession.

*Id.* at 469.

Consistent with the foregoing analysis, then, the relevant inquiry is whether Defendant's compliance with the requirement that he immediately bring and present the eleven aliens to an appropriate immigration officer at a designated port of entry would have made him vulnerable to prosecution for the other charges contained in the Indictment. To answer this question one must consider whether Defendant would have furnished the government with proof of his conspiracy to

---

[3] *Leary v. United States*, 395 U.S. 6 (1969).

4

Case No. 08-20266-Cr-Altonaga

"encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law" (Count 1), had he brought and presented the aliens to an immigration officer.[4] Additionally, one must inquire whether Defendant's act of bringing and presenting the eleven aliens to an immigration officer would furnish evidence Defendant knowingly encouraged and induced aliens to come to, enter, and reside in the United States, again in reckless disregard that such coming to, entry and residence would be in violation of law (Counts 2 through 12).

While it is possible that one might comply with Section 1324 without violating the other statutes charged in the Indictment, it is equally likely that compliance will provide the government inculpatory evidence leading to these related charges. For example, after commission of the crimes charged in the other counts, an accused could have a change of heart and decide to deliver the aliens to an immigration officer. The conspiracy charged in Count One may nevertheless be complete, and the act of delivering the aliens will likely incriminate the defendant.

Because compliance with the requirement to "bring and present" the aliens to an immigration officer furnishes evidence that may establish Defendant's violation of the other statutes charged, Section 1324 requires the individual to produce evidence which may later be used against him as an accused in a criminal action. *See Maness*, 419 U.S. at 461. Consequently, the presentment requirement of Section 1324 as charged in combination with the other counts of the Indictment violates Defendant's Fifth Amendment privilege against self-incrimination.

---

[4] The inquiry assumes, of course, that the other elements of the offense under Section 1324 are satisfied, such as the Defendant knowing or being in reckless disregard of the fact that the aliens have not received prior official authorization to come to, enter, or reside in the United States.

Case No. 08-20266-Cr-Altonaga

For the foregoing reasons, Defendant, Abimel Caraballo's Motion to Dismiss Counts 13-23 of the Indictment [D.E. 25] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of July, 2008.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record