UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20266-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

ABIMEL CARABALLO,

    Defendant
_____/

## MOTION IN LIMINE TO EXCLUDE INADMISSIBLE 404(b) EVIDENCE AND INCORPORATED MEMORANDUM OF LAW

Abimel Caraballo, through his undersigned counsel respectfully files this motion in limine to exclude 404(b) evidence and states as follows:

### BACKGROUND

On August 8, 2007, Officer Andollo of the North Miami Beach Police Department observed a 1998 Oceanic 25-foot vessel entering Haulover Inlet from offshore. (Govt. Disc. – Page 180)  After Officer Andollo noticed three fishing rods on the boat, he drove his vehicle to the Haulover Boat Ramps to "initiate a fisheries check on the vessel." (Govt. Disc. – Page 180)

When Officer Andollo arrived at the boat ramp area, he observed Mr. Caraballo pull up in a Dodge Truck and back up to the vessel. Officer Andollo exited his vehicle and approached Mr. Caraballo, ordering him to stop his truck. Officer Andollo then ordered Caraballo to remove the boat from the water, and then to pull over and exit the vehicle. Officer Andollo then walked up to the vessel and ordered its occupants Anderson Lopez and Edel Miranda to exit the vessel and stand in separate areas. With Caraballo, Lopez, and Miranda separated, Officer Andollo boarded and conducted a search of the vessel, allegedly discovering eleven illegal aliens located

inside the cabin.      Next Officer Andollo called ICE and Border Patrol, who responded and continued the investigation, including interviews with Lopez and Miranda.

Based on information obtained through their investigation and interviews, the government presented its case against Mr. Caraballo to the Grand Jury. The Grand Jury returned a twenty-three count Indictment charging Mr. Caraballo with conspiracy to smuggle aliens, eleven counts of inducing aliens to enter the United States, and eleven counts of failing to present the aliens to an appropriate immigration officer at a designated port of entry, all in violation of  Title 8, United States Code Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(iv), 1324(a)(2)(B)(iii), and Title 18 United States Code Section 982(a)(6)(A).

The government has filed its Notice to Introduce 404(b) Evidence at Trial. In its Notice, the government seeks to introduce evidence of two alleged alien smuggling instances occurring in June and July 2008. In support thereof, the government seeks to introduce testimony from the two co-conspirators. According to the government, these co-conspirators pled guilty, and agreed to cooperate as witnesses against Mr. Caraballo.

**MEMORANDUM OF LAW**

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show action in conformity therewith. Fed.R.Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*

However, for evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s)

in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403. *United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000).

### A. The Government Seeks to Introduce Character Evidence

Under the first prong, for evidence of other crimes or acts to be admissible under Rule 404(b), it must be relevant to an issue other than defendant's character. Furthermore under the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts is inadmissible character evidence that may not be used to prove a person's propensity to act. *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008) (citing Fed.R.Evid. 404(b)).

Although Fed.R.Evid. 404(b) permits introduction of extrinsic acts to prove a defendant's knowledge, intent, or the absence of mistake, to engage in the charged crime, "[t]he difficulty with such evidence is the potential misuse for purposes of propensity." *United States v. Jones*, 550 F.Supp.2d 1377, 1379 (S.D.Fla. 2008). Here the government seeks to introduce the co-conspirators' testimony which is nothing more than a way to show the Defendant's alleged propensity to commit the charged crimes. Accordingly, the first prong of the test for admissibility of prior offenses cannot be satisfied.

### B. There Is Insufficient Proof to Meet the Required Preponderance of the Evidence Standard

Secondly, for evidence of other crimes or acts to be admissible under Rule 404(b), there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question.

Here, the government's only proof of Mr. Caraballo's alleged bad acts is the testimony of the co-conspirators. The testimony of the co-conspirators does not comply with the requisite standard.

3

First, the co-conspirators have every incentive to fabricate whatever details they intend to testify. Clearly the co-conspirators are cooperating with the government.

Because the only 404(b) evidence the government intends to introduce is the testimony of the co-conspirators, the preponderance of the evidence standard cannot be met. There is no other evidence to corroborate their testimony.

In order to ascertain whether the introduction of the co-conspirators testimony fulfills the preponderance of the evidence standard under 404(b), a mini-trial should be conducted outside the presence of the jury, to determine whether there is sufficient proof of the "bad acts" the government seeks to introduce. "The preferred method for dealing with co-conspirators' statements is to make a preliminary determination that there is substantial evidence to demonstrate the required elements before the statement is revealed to the jury." See *United States v. Deason,* Slip Copy, WL 1815546 (M.D.Ga. 2008) April 22, 2008 (citing *United States v. Monaco,* 702 F.2d 860, 877 (11th Cir. 1983); *United States v. Espino-Perez,* 798 F.2d 439, 441 (11th Cir. 1986)).

### C. The Probative Value Is Substantially Outweighed By Undue Prejudice

Even if the testimony of the co-conspirators is admissible, it should be excluded as unduly prejudicial. Under the third prong, for evidence of other crimes or acts to be admissible under Rule 404(b), the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403. *United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000).

Rule 403 of the Federal Rules of Evidence provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,

4

waste of time, or needless presentation of cumulative evidence." This court has opined that "[t]he major function of [Rule 403] is limited to excluding matter[s] of scant or cumulative probative force, dragged in by the heels for the sake of [their] prejudicial effect [s]." *United States v. Veltmann,* 6 F.3d 1483, 1500 (11th Cir.1993) (quoting *United States v. McRae,* 593 F.2d 700, 707 (5th Cir.1979)).

Moreover, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Phalo*, Slip Copy, 2008 WL 2529392 (11th Cir. 2008) Jun 26, 2008 (quoting *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997) (holding that, where defendant was willing to stipulate that he was a convicted felon for purposes of a felon in possession of a firearm prosecution, it was unduly prejudicial for the government to be permitted to introduce the prior conviction's order of judgment and commitment)).

Here the government seeks to "lure" the jury into declaring guilt for alleged events unrelated to the charges in the Indictment. Here the 404(b) evidence the government seeks to introduce should be excluded because its scant probative value is far exceeded by its prejudicial impact. Again, a mini-trial is required, outside the presence of the jury, to determine what this evidence is being used for and how it can be legally introduced, taking into account the limitations of Rules 401, 402 and 403.

### D. The Evidence Is Extrinsic

In the Eleventh Circuit, "evidence of other crimes, wrongs, or acts" falls outside the scope of Rule 404(b) when it is: "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or

(3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Eckhardt*, 466 F.3d 938 (11th Cir. 2006) (quoting *United States v. Veltmann,* 6 F.3d 1483, 1498 (11th Cir. 1993)).

In its *Notice to Introduce 404(b) Evidence At Trial*, the government maintains that introduction of "evidence" through the testimony of the co-conspirators is intrinsic evidence that

> pertain[s] to the chain of events explaining the context, motive and set up of the crime, is … linked in time and circumstances with the charge crime, … forms an integral and natural part of an account of the crime, [and] … is necessary to complete the story of the crime for the jury.

(Notice – Pg 6) (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)).

Here the evidence the government wants to introduce is extrinsic because it is not necessary to complete a story of the crime for the jury. The story in this case is clear - Caraballo's vessel was found with eleven allegedly illegal aliens. Introduction of uncorroborated, suspect testimony from the co-conspirators is unnecessary, inflammatory, and highly prejudicial.

Undersigned counsel has discussed this matter with AUSA Russ Brown who objects to this motion.

## CONCLUSION

For the reasons stated above, and for any other reason that the Court may deem just and proper, Defendant Abimel Caraballo respectfully requests this Court enter an order excluding all the evidence the government intends to introduce under 404(b) and whatever other relief this Court deems just and proper.

Respectfully Submitted,

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN
Attorney for Defendant
Florida Bar No. 0146072
12930 SW 128th Street Ste 103
Miami, FL 33186
305-251-2302
Fax: 305-252-7392
MartinBLaw@aol.com

Certificate of Service

I HEREBY CERTIFY that on July 25, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/EMF.

s/ Martin J. Beguiristain
MARTIN J. BEGUIRISTAIN