UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  08-20266-CR-ALTONAGA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

ABIMEL CARABALLO,

      Defendant.

_____/

## ORDER ON MOTIONS FOR RECONSIDERATION

**THIS CAUSE** is before the Court on the United States' Motion for Reconsideration and Continuance (the "Motion") [D.E. 52] and Supplemental Motion for Reconsideration (the "Supplemental Motion") [D.E. 59].  These Motions were filed following the entry of a July 15, 2008 Order (the "Order") [D.E. 50] granting Defendant, Abimel Caraballo's Motion to Dismiss Counts 13-23 of the Indictment (the "Motion to Dismiss") [D.E. 25].  The Court has carefully considered the parties' written submissions and applicable law.

The function of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985)).  "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)).  It is well-established that arguments that were or should have been

Case No. 08-20266-Cr-Altonaga

raised in the first instance are not appropriate grounds for a motion for reconsideration. *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). "Instead, a motion for reconsideration is appropriate where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . .'" *Ass'n for Disabled Americans*, 211 F.R.D. at 477 (quoting *Z.K. Marine, Inc.*, 808 F. Supp. at 1563). The reconsideration decision is "'committed to the sound discretion of the district judge'" and a motion for reconsideration will be granted only in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

With these standards in mind, the undersigned addresses one of the arguments[1] presented by the Government in its Supplemental Motion. (*See Supp. Mot.* at 15-19). The argument is based on the absence of a factual record prior to entry of the Order, which dismissed Counts 13 to 23 of the Indictment, following an "as applied" analysis. This argument was admittedly not raised in the Government's opposition to the Motion to Dismiss and thus, should perhaps not be a basis for reconsideration. In fairness, however, the Motion to Dismiss technically presented a facial challenge to the constitutionality of a statute.

The dismissed counts allege violations of 8 U.S.C. § 1324(a)(2)(B)(iii) ("Section 1324"). That statute provides in part:

---

[1] Because this argument is dispositive of the reconsideration request, the undersigned does not address the other arguments contained in the Motion and Supplemental Motion.

2

Case No. 08-20266-Cr-Altonaga

(a)(2) Any person who, knowing or in reckless disregard of the fact that such an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs  –

*                    *                    *

(B) in the case of  –

*                    *                    *

(iii ) an offense in which the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry,

be fined under Title 18 and shall be imprisoned . . .  not more than 10 years . . . .

Defendant obtained a dismissal of these counts on the basis of the undersigned's agreement that Section 1324 violates the self-incrimination clause of the Fifth Amendment, and is consequently, unconstitutional.

Specifically, the undersigned concluded that:

. . . [T]he relevant inquiry is whether Defendant's compliance with the requirement that he immediately bring and present the eleven aliens to an appropriate immigration officer at a designated port of entry would have made him vulnerable to prosecution for the other charges contained in the Indictment.  To answer this question one must consider whether Defendant would have furnished the government with proof of his conspiracy to "encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law" (Count 1), had he brought and presented the aliens to an immigration officer.  Additionally, one must inquire whether Defendant's act of bringing and presenting the eleven aliens to an immigration officer would furnish evidence Defendant knowingly encouraged and induced aliens to come to, enter, and reside in the United States, again in reckless disregard that such coming to, entry and residence would be in violation of law

3

Case No. 08-20266-Cr-Altonaga

(Counts 2 through 12).

> While it is possible that one might comply with Section 1324 without violating the other statutes charged in the Indictment, it is equally likely that compliance will provide the government inculpatory evidence leading to these related charges. For example, after commission of the crimes charged in the other counts, an accused could have a change of heart and decide to deliver the aliens to an immigration officer. The conspiracy charged in Count One may nevertheless be complete, and/or the inducement to the aliens to come to the United States charged in Counts 2 through 12 may similarly be charged. Consequently, the act of delivering the aliens in compliance with Section 1324 will likely incriminate the Defendant.

> Because compliance with the requirement to "bring and present" the aliens to an immigration officer furnishes evidence that may establish Defendant's violation of the other statutes charged, Section 1324 requires the individual to produce evidence which may later be used against him as an accused in a criminal action. *See Maness*, 419 U.S. at 461. The presentment requirement of Section 1324, as charged in combination with the other counts of the Indictment, violates Defendant's Fifth Amendment privilege against self-incrimination.

(*Order* at 4-5) (internal footnotes omitted).

The Government urges a reconsideration, in part, on the basis that the Court's as-applied analysis did not have the benefit of a developed factual record. As stated, Defendant's Motion to Dismiss was framed as a facial challenge to the constitutionality of Section 1324. The foregoing quoted portion of the Order clearly addresses possible scenarios, rather than a factual record. The undersigned finds this argument persuasive, and upon further reflection, concludes reconsideration is warranted.

The well-accepted rule of statutory construction requires a court to resolve doubts about the constitutionality of a statue in favor of a reading that would render it constitutional. "'[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter.'"

4

Case No. 08-20266-Cr-Altonaga

*Jones v. United States*, 526 U.S. 227, 239 (1999) (quoting *United States ex rel. Attorney General v. Delaware & Hudson Co.*, 213 U.S. 366, 408 (1909)).  This rule of statutory construction requires, "'where an otherwise acceptable construction of a statute would raise serious constitutional problems, [that a court] . . . construe the statute to avoid the problems unless such construction is plainly contrary to the intent of Congress.'"  *United States v. Stone*, 139 F.3d 822, 836 (11th Cir. 1998) (quoting *DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988)).

A record is necessary to permit the undersigned to determine, consistent with this rule of statutory construction, whether application of Section 1324 violates Defendant's right against self-incrimination under the facts presented.  In the Order, the undersigned recognized that it is possible to comply with Section 1324 without furnishing evidence of the commission of the other crimes charged in the Indictment.  Such would be shown, for example, through testimony by Government witnesses of ways in which Defendant could have complied with the bring and present requirement of Section 1324, without necessarily identifying himself or his participation in the other crimes charged.  Thus, the undersigned will re-address the question of the constitutionality of Section 1324 after consideration of the evidence adduced at trial.  *See United States v. Reed*, 114 F.3d 1067, 1071 (10th Cir. 1997) (proper way to deal with vagueness challenge is to allow evidence in the case to be presented before task of statutory  construction is properly completed); *United States v. Jefferson County Bd. of Educ.*, 380 F.2d 385, 426 n.13 (5th Cir. 1967) ("'Many questions of a statute's constitutionality as applied can best await the refinement of the issues by pleading, construction of the challenged statute and pleadings, and, sometimes, proof.'") (quoting *United States v. Petrillo*,

Case No. 08-20266-Cr-Altonaga

332 U.S. 1, 5-6 (1947)).

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the United States' Motion for Reconsideration and Continuance [D.E. 52] and Supplemental Motion for Reconsideration [D.E. 59] are **GRANTED**. The Order [D.E. 50] is **VACATED**. Defendant may renew his challenge to Counts 13 to 23 of the Indictment following the presentation of evidence at trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2008.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record